Clerk's Office
Filed Date:

Received via Pro Se Email
4/1/21 at 5:54 p.m.- KC

4/1/2021
5:54 PM

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

*Rec. in p drive 4/2/21 rg

# COVER PAGE

RE: JEREMIAH WILLIAMS

- PRO SE LITIGANT
  FILE: 19 CV 3045 (BMC)(LB)

- SECOND AMENDED COMPLAINT
  DATE: MARCH 31, 2021

All RIGHTS RESERVED

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

JEREMIAH WILLIAMS

                Plaintiff,

        -against-

SERGEANT YANDEIRY URBANEK,

FORMER NYPD CAPTAIN ALBERT ISAAC,

NYPD OFFICER CHRISTOPHER VITAL, AND

FORMER NYPD OFFICER WHITTAKER YOUNG,

           Defendant.

-----------------------------------------------------------X

**SECOND AMENDED COMPLAINT**

**19 CV 3045 (BMC) (LB)**

**JURY TRIAL DEMANDED**

## <u>INTRODUCTION</u>

This is a civil rights action being bought on by Plaintiff, Jeremiah Williams to seek relief for the Defendants' violations of their rights secured by the Civil Rights Act of and 1871, 42 U.S.C. §1983 and the rights secured by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and the rights secured under the Constitution of the State of New

York, Article I, Sections 11 and 12 and the common law of the State of New York. This lawsuit seeks damages for: (1) the use of excessive force in violation of the Fourteenth Amendment to the United States Constitution; (2) the denial of adequate medical care in violation of the Fourteenth Amendment to the United States; (3) the denial of access to the courts in violation of the First and Fourteenth Amendments to the United States Constitution; (4) the cover-up of the use of excessive force by Defendant in violation of the Fourteenth Amendment to the United States Constitution; (5) malicious abuse of process; (6) malicious prosecution; (7) municipal liability; and (8) committing the state law tort of intentional infliction of emotional distress. Plaintiff seeks compensatory and punitive damages, injunctive and declaratory relief, cost of surgery expenses for Plaintiff, and such other relief as this Court deems equitable and just.

Plaintiff, a father, college graduate and professional, also brings this action to challenge violations of their constitutional rights to engage in Fourteenth Amendment protected activities. On information and belief, Defendant has, acting through its NYPD and other similar agencies, developed, implemented, enforced, encouraged and sanctioned a de facto policy, practice and/or custom of unlawfully using excessive force, without reasonable fear of eminent danger or probable cause.

## FIRST AMENDED COMPLAINT

Plaintiff, Jeremiah Williams, representing as *pro se* litigant, brings forth this amended complaint and alleges against Defendant use of excessive force, denial of adequate medical services, intentional infliction of emotional distress and other violations of their constitutional rights.

*Pro Se* complaints are held to a less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments that it suggests. *Erickson v. Pardus,* 551 U.S. 89 (2007); *Hughes v. Rowe,* 449 U.S. 5, 9 (1980); *Sealed Petitioner v. Sealed Defendant #1,* 537 F.3d 185, 191-93 (2d Cir. 2008). "In addition to liberally construing *pro se* complaints, a district court should not dismiss a *pro se* complaint without granting the petitioner leave to amend if a liberal reading of the complaint gives any indication that a valid claim might be stated." *Andersen v Young & Rubicam Adver.,* 487 Fed. Appx. 675, 676 (2d Cir. 2012).

## BACKGROUND

Plaintiff, a resident of White Plains, NY, alleges that on or around January 24th, 2018, between the hours of 9am and 6pm, members and ex-members of the Defendant used excessive force, first inside of the courtroom area, which

resulted in a dislocated left shoulder for Plaintiff, and then caused severe ankle injury by use of excessive force by Defendant, inflicted malicious intent of injury on Plaintiff, head injury was also sustained by Plaintiff due to use of excessive force by Defendant, and other injuries in the bullpen area of the courthouse.

Plaintiff was being detained for charges that were subsequently dismissed by the courts because there was lack of evidence of guilt for said charges, in violation of the Fourth Amendment to the United States Constitution.

During the course of being transported from the courtroom into the holding cell area of the courthouse with my hands secured by handcuffs tightly behind my back, the officer escorting me catapulted me in a forward motion towards the door that leads to the holding cell area of the courthouse. In that same catapulting motion, the officers' use of force sequentially led to me tripping over the cardboard box in the courtroom that is designated for holding inmate property. When I lost my balance because of the use of force by Defendant, I fell onto my knees because I was still handcuffed behind my back.

Defendant then lifted me up from my knees in an aggressive and awkward motion by pulling me up by my left arm, which proximately caused for my shoulder to dislocate due to the use of unnecessary force and failing to properly handle a prisoner that is in distress. It was improper for the officer to try to lift me

up by himself, especially by relying on awkwardly pulling upwards on an extremity that was already being restricted by handcuffs with Plaintiffs arms cuffed behind his back. I suffered excruciating pain from the unprovoked and unjustified use of excessive force by Defendant.

I immediately began to scream in agony when my shoulder dislocated in the courtroom due to the use of excessive force by Defendant. I also requested medical attention but the Defendant told me to "get up" and "stop faking" the shoulder dislocation and pain, further stating that "they have seen this act before."

Soon thereafter, I was put on my feet by Defendant as they forcefully escorted me through the courtroom door into the holding cell area because they felt I was making too much noise with my pleas for help. Upon entering the holding cell area, I requested Defendant to alert for medical professionals to tend to my shoulder injury and they neglected to do so for an unreasonable period of time. In unison, the Defendant's told me to "shut the fuck up and get into the bullpen." The Defendants then began to shove me into the holding cell, using excessive force, which proximately caused me to hit my head on the steel holding cell door bars, consequently causing me to temporarily lose consciousness. Thereafter, Defendants increased in numbers and all Defendants kicked me throughout my

body, in efforts to kick me into the holding cell itself, and close the heavy iron door

on my foot, which demonstrated the use of unreasonable and excessive force.

Defendants finally kicked me into the holding cell after what felt like

minutes of me enduring the physical trauma, they inflicted on me due to their use

of excessive and unreasonable force. Once I was almost completely inside of the

holding cell, Defendant then closed the electric heavy steel door onto my left ankle

that was hanging out of the doorway due to my lack of consciousness from the

beating that I received unreasonable and unjustly by Defendant.

Plaintiff avers, that he remained on the holding cell floor for over an hour,

until he built the strength to get up on his own volition. Plaintiff avers, that another

male inmate helped him to "re-locate" his left shoulder into position which helped

Plaintiff regain consciousness and unrestricted his breathing.

Thereafter, Plaintiff was transported via ambulance to Brooklyn Hospital

Center.

## **JURISDICTION**

Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 1343(3)

and (4), as this action seeks redress for the violation of Plaintiffs constitutional and

civil rights.

Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. § 2201 and 2202 and Rule 57 of the federal Rules of Civil Procedure.

Plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state constitutional and state Law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391(b) and (c) because at least one of the Defendants live in the Eastern District.

## JURY DEMAND

Plaintiff demands a trial by jury in this action on each and every one of his claims.

## STATEMENT OF FACTS

Plaintiff Williams is an African-American male and is a resident of the State of New York, Westchester County.

On information and belief, Defendant is responsible for the actions that the NYPD and its affiliates inflict on citizens of the public, especially those who are residents of the State of New York.

On or about January 24th, 2018, Plaintiff was injured by Defendant due to use of unreasonable force and Plaintiff complained of shoulder dislocation pain, general body pain, ankle pain, temporary loss of consciousness and concussion symptoms.

The first instance of Defendant used unnecessary force on Plaintiff occurred in the Courtroom after arraignment and a bail was set for Defendant in the amount of $10,000.00. This is where Defendant dislocated the left shoulder of Plaintiff by using unreasonable force and then denied Plaintiff any medical attention for an unreasonable amount of time.

Defendant was non-responsive to Plaintiffs original complaints of pain and pleads for medical attention for approximately one-hour before they finally alerted medical professionals.

Approximately 9am-5pm, Defendants came into the courthouse and holding cell area to escort and detain Plaintiff whom was being led to and from the holding cell area into the judge's courtroom for an arraignment.

Moments after being arraigned, Defendants used unreasonable force on Plaintiff by assaulting, battering, kicking and striking him; thereby causing him serious physical injury and emotional trauma.

After Defendants forced Plaintiff from the courtroom, they continued the verbal abuse and the physical assault, further injuring his dislocated left shoulder, and then causing additional injury by causing Plaintiff to lose consciousness because of the continued assault and the endurance of pain being inflicted surpassing the pain tolerance threshold possessed by Plaintiff.

Parties of Defendant did not intervene or prevent this unprovoked and unconstitutional attack against Plaintiff. Instead, they increased the number of individuals attacking Plaintiff and continued the unnecessary physical force and mental abuse.

Thereafter, Plaintiff requested medical attention from Defendant. However, Defendant refused to treat Plaintiff's injuries. Specifically, they failed to treat Plaintiffs dislocated shoulder, concussion and ankle injury. In addition, outside medical assistance was not provided until approximately one-hour proceeding the attack against Plaintiff, and as a result, Plaintiff lost consciousness and has been suffering from long-term disabilities from this attack by Defendant.

In carrying out the aforesaid unlawful acts, Defendant were motivated, at least in part, by the fact that Plaintiff had been accused of a domestic crime that, unbeknownst to them, he was later found innocent and the case was thus dismissed.

Defendant also made suicidal references towards Plaintiff, stating that they would "make 'my' life miserable in jail and make me into the next Kalief Browder" implying that they would ensure that while in custody of the Defendant I would be tortured, treated unfairly and mentally tormented to the point I would contemplate suicidal ideations similar to an African American male named Kalief Browder, who gained national recognition after committing suicide due to the phycological traumas he endured in the custody of law enforcement.

As a result of Defendants actions, Plaintiff experienced, amongst other things, various physical injuries, fear, embarrassment, humiliation, emotional distress, loss of critical time from child and family, lost wages and pain and suffering.

Seriously injured, Plaintiff loss consciousness and passed out for a brief period of time. He continually requested medical help. Defendants only ignored those pleas.

Finally, one of Defendants relented and called for medical assistance for Plaintiff. The medical staff found Plaintiff semi-conscious, drenched in tears, and complaining of severe head, shoulder, ankle and back pain.

Plaintiff had to be physically escorted and assisted by medical staff because he could not walk on his left ankle due to injuries sustained by Plaintiff. Medical staff can be found on video surveillance, should Defendant ever decide to furnish such devices, having to assist Plaintiff with simple functions such as walking and basic motor movements.

Belatedly, Defendants summoned paramedics from Brooklyn Hospital Center, a hospital that also provides medical services for detainees. The paramedics took Plaintiff to the Brooklyn Hospital Center medical facility, where Doctors treated him for a dislocated shoulder, ankle injury, concussion with sensitivity to light, and performed various x-rays and cat scans. Plaintiff was admitted to the hospital under the medical staff's supervision for approximately one week, where he was being treated for various injuries and also being protected from the Defendant.

Hospital staff witnessed and were directly informed by Plaintiff of the roaring physical and emotional tensions that the Defendant held towards Plaintiff.

Because of this, they recommended me staying under their care until they felt I should be discharged into safer care or released from police custody in general.

Brooklyn Hospital Center released Plaintiff approximately one week later with written follow-up instructions for medical care. Defendants were specifically informed of Plaintiffs need for treatment, they did not comply with the care guidelines issued by the hospital and its doctors and other medical staff.

Plaintiff has sustained permanent physical and psychological trauma, has suffered great pain and discomfort and continues to experience physical and psychological damage, which has prevented him from being gainfully employed, leading to lost income as a result of this attack against him. His personal property has been lost or irrevocably damage. He can no longer enjoy the possibility of becoming a professional athlete despite training most of his life and playing at a competitive level. He also experiences physical limitations in every day life which also negatively affects his love life.

Defendants used excessive force against Plaintiff on or about January 24th, 2018, without provocation and without legitimate penal justification, and Defendants failed to stop the unprovoked and unjustified excessive use of force against Plaintiff.

The actions of Defendants were performed under color of state law, and violated Plaintiffs rights under the Fourteenth Amendment to the United States Constitution.

The acts of excessive force by Defendant were the direct and proximate cause of serious and ongoing physical and psychological injuries to Plaintiff.

The conduct of Defendant was willful and exhibited a flagrant disregard for Plaintiffs federally secured due process rights. Accordingly, the Defendant is liable to Plaintiff under 42 U.S.C. § 1983.

## **FIRST CLAIM**

## **42 U.S.C. § 1983**

The preceding paragraphs are here incorporated by reference.

Defendants have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and have conspired to deprive him of such rights and are liable to Plaintiff under 42 U.S.C. § 1983.

Defendants conduct deprived Plaintiff of their right to be free of unreasonable searches and seizures pursuant to the Fourth and Fourteenth

Amendments of the United States Constitution. Defendants conduct also deprived Plaintiff of his right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

Defendants falsely arrested Plaintiff and failed to intervene in each other's obviously illegal actions against Plaintiff.

The conduct of Defendant was willful and exhibited a flagrant disregard for Plaintiffs federally secured due process rights. Accordingly, these Defendants are liable to Plaintiff under 42 U.S.C. § 1983.

Plaintiff has been damaged as a result of Defendants wrongful acts.

## SECOND CLAIM

## DELIBERATE INDIFFERENCE TO MEDICAL NEEDS

The preceding paragraphs are here incorporated by reference.

Defendants failed to ensure that Plaintiff received prompt and adequate medical care subsequent to the beating he received on or around January 24th, 2018.

The actions of Defendants exhibited deliberate indifference to Plaintiffs serious medical needs, were performed under color of state law, and violated

Plaintiffs rights under the Eighth and Fourteenth Amendment to the United States Constitution.

As a direct and proximate result of the actions of Defendant in failing to ensure that Plaintiff received prompt and adequate medical care, Plaintiff was subjected to increased pain and the threat of further serious physical assault.

The conduct of Defendants was willful and exhibited a flagrant for Plaintiff federally secured rights. Accordingly, the Defendant are liable to Plaintiff under 42 U.S.C. § 1983.

## THIRD CLAIM

## EXCESSIVE FORCE

Plaintiff incorporates by reference to all of the aforementioned information with relation to the accusations of Defendant as if fully set forth herein.

Defendants conduct in using force upon Plaintiff for the purpose of causing him injury, and not as part of a good faith effort to maintain order or restore discipline, violated Plaintiffs right under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

## FOURTH CLAIM

## MUNICIPAL AND SUPERVISORY LIABILITY

The above paragraphs are here incorporated by reference.

The Defendant is liable for the damages suffered by Plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of Plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.  The Defendant has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrest; that deliberate indifference caused the violation of Plaintiff's constitutional rights in this case.

The aforesaid event was not an isolated incident whatsoever. The Defendant has been aware for some time now, from lawsuits, suicides, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of their police use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the

obviously illegal actions of their fellow officers. Nevertheless, Defendant has allowed policies and practices that allow the aforementioned to persist.

For example, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a city agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complaints have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinary rare event that the CCRB substantiates a complaint and the Department Advocate

proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer. And we all know how much Dermot Shea loves his police force.

Further, the Defendant has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices, police brutality and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association in 2000, Defendant has isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of civil actions. Alan Hevesi, as New York City Comptroller, in 1999 reported that there was a "total disconnect" between the settlements of even substantiated civil claims and police department action against officers. This admission should still hold true despite the blatant mistrust of Hevesi to New Yorkers and his sequential conviction in 2011 to a misconduct charge. But this should only add to the fact that trusted elected figures of Defendant have historically taken advantage of everyday citizens and abused the very laws they were sworn to protect and uphold with historically little to no penalty.

Plaintiff has been damaged as a result of the deliberate indifference of the Defendant to the constitutional rights of the Defendants inhabitants.

The Defendant is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, Defendant has failed to take corrective action. This failure and these policies caused the officers in the present case to violate Plaintiff's civil rights, without fear of reprisal.

The city is liable for the damages suffered by Plaintiffs as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' in violation of Plaintiffs' constitutional rights, they failed to remedy the wrong, they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event. The Defendant has been alerted to the regular use of excessive force and false arrests; that deliberate indifference caused the violation of Plaintiffs constitutional rights in this case.

## FIFTH CLAIM

## CONSPIRACY

The above paragraphs are here incorporated by reference.

Defendant agreed to violate Plaintiffs' rights in the manner described above. Further Defendants made an agreement to cover-up the assault committed against Plaintiff, more specifically by discarding video surveillance from the date of the incident on or around January 24th, 2018, where Defendant assaulted Plaintiff at a Courthouse and covered up the use of excessive force by Defendant pursuant to an official policy by Defendant were performed under the color of state law, and violated Plaintiffs rights guaranteed under the Fourteenth Amendment to the United States Constitution.

Defendant took action in furtherance of this Agreement by assaulting Plaintiff and threatening to bring additional charges against Plaintiff.

Defendant violated Plaintiffs rights guaranteed under the Fourteenth Amendment to the United States Constitution. The actions of Defendant in covering up the acts of excessive force against Plaintiff were the direct and proximate cause of serious and ongoing physical and psychological injuries to Plaintiff.

Plaintiff was injured as a result of Defendants' conspiracy.

**SIXTH CLAIM**

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The above paragraphs are here incorporated by reference.

As described above, the conduct of Defendant on or around January 24th, 2018 was extreme and outrageous, including without limitation using malicious and excessive force against Plaintiff without provocation or justification, destroying his personal property, antagonizing Plaintiff and reiterating thoughts of suicide, threatening Plaintiff that he would get raped by other inmates, and laughing and shouting obscenities at Plaintiff while he was forced to remain a cell while in severe pain and Defendant denied him medical attention.

Defendants either intended to inflict emotional distress upon Plaintiff when engaging in their conduct, or knew that there was a high probability that such conduct would result in such distress.

Defendants conduct caused Plaintiff to suffer severe emotional distress that no reasonable person could be expected to endure.

## SEVENTH CLAIM

## CONSTITUTIONAL TORT

The above paragraphs are here incorporated by reference.

Defendants, acting under color of law, violated Plaintiff's rights pursuant to §§ 5, 6 and 12 of the New York State Constitution.

A damages remedy here is necessary to effectuate the purposes of §§ 5, 6, and 12 of the New York State Constitution, and appropriate to ensure full realization of Plaintiff's rights under those sections.

## EIGHTH CLAIM

## NEGLIGENT HIRING & RETENTION

The above paragraphs are here incorporated by reference.

Defendant, through the NYPD, owed a duty of care to Plaintiff to prevent the loss of liberty and mental abuse sustained by Plaintiff.

Defendant, through its subordinates, owed a duty of care to Plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to Plaintiff or those in position similar to Plaintiff was a result of this conduct.

Upon information and belief, Defendant were incompetent and unfit for their positions.

Upon information and belief, Defendant knew or should have known through exercise of reasonable diligence that the Defendants were potentially dangerous and had previously falsely arrested civilians without probable cause.

Upon information and belief, members of Defendant have been fired from the official personnel of Defendant proceeding the incident involving Plaintiff and use of excessive force by its subordinates.

Defendants' negligence in hiring and retaining the officer Defendants proximately caused Plaintiff's injuries.

Because of Defendant negligently hiring and retaining of its subordinates, Plaintiff incurred damages described above.

## **NINTH CLAIM**

## **RESPONDEAT SUPERIOR**

The above paragraphs are here incorporated by reference.

Defendants' intentional tortious acts were undertaken within the scope of their employment by Defendant and in furtherance of the Defendant's interest.

As a result of Defendants tortious conduct in the course of their employment and in furtherance of the business of Defendant, Plaintiff was damaged.

**WHEREFORE**, Plaintiff demands judgment against the Defendant, jointly and severally, as follows:

    A. In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

    B. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

    C. Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

    D. Awarding Plaintiff an amount that will cover the cost of necessary surgeries and associated medical expenses.

    E. A permanent order of protection issued and granted for Plaintiff against Defendant, especially parties of the Defendant that are no longer employed by Defendant.

    F. A temporary order of protection issued and granted for Plaintiff against Defendant, especially parties of the Defendant that are no longer employed by Defendant.

    G. Granting such other and further relief as this Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury on all issues so triable of right.

Dated: March 25th, 2021                    Respectfully submitted,

JEREMIAH WILLIAMS

JEREMIAH WILLIAMS

175 EDGEPARK RD

WHITE PLAINS, NY 10603

PHONE: 917-405-5602

JEREMIAHWILLIAMS2015@GMAIL.COM

*PRO SE LITIGANT*